IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| AMERISURE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.: _____ |
| v. | ) ) | |
| SUPERIOR CONSTRUCTION CORPORATION, MANDALAY BAY, LLC, THOMAS D. EPPS, TAMARA EPPS, BHUPENDRA PATEL, and PRADIPKUMAR PATEL, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Amerisure Mutual Insurance Company ("Amerisure"), pursuant to Rule 57, Federal Rules of Civil Procedure, and 28 U.S.C. §2201, submits the following complaint for declaratory judgment and alleges as follows:

**PARTIES**

1.  Amerisure is an insurance company organized under the laws of the State of Michigan, with its principal place of business in Farmington Hills, Michigan. At all times relevant hereto, Amerisure was in the business of writing liability insurance in the State of North Carolina and was lawfully doing business both in the State of North Carolina and South Carolina.

2.  Superior Construction Corporation ("Superior") is a limited liability corporation organized under the laws of the State of North Carolina, with its principal place of business in

Charlotte, North Carolina and was at all times referenced herein legally doing business as a general contractor in South Carolina.

3. Amerisure is informed and believes that Mandalay Bay, LLC ("Mandalay Bay") is a limited liability corporation organized under the laws of South Carolina.

4. Amerisure is informed and believes that Thomas D. Epps is a citizen and resident of Horry County, South Carolina, residing at 680 Esperia Lane, Myrtle Beach, South Carolina.

5. Amerisure is informed and believes that Tamara Epps is a citizen and resident of Horry County, South Carolina, residing at 680 Esperia Lane, Myrtle Beach, South Carolina.

6. Amerisure is informed and believes that Bhupendra Patel is a citizen and resident of Horry County, South Carolina, residing at 8747 Monaco Circle, Myrtle Beach, South Carolina.

7. Amerisure is informed and believes that Pradipkumar Patel is a citizen and resident of Horry County, South Carolina, residing at 1486 Bay Tree Lane, Myrtle Beach, South Carolina.

## JURISDICTION AND VENUE

8. The court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §1332 in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

9. Venue is proper in the United States District Court, District of South Carolina in that a number of defendants are residents of Horry County, South Carolina and the events giving rise to this action arose in Horry County, South Carolina.

10. An actual case in controversy of a justicable nature exists between the parties involving the rights and liabilities concerning certain liability insurance policies, in which

litigation is imminent and inevitable, and which controversy may be determined by a judgment of this, without other, action.

## NATURE OF THE ACTION

11.     This is an action for declaratory judgment pursuant to Rule 57, Federal Rules of Civil Procedure, and 28 U.S.C. §2201 to determine and resolve questions of actual controversy arising in connection with certain contracts of insurance issued by Amerisure to Superior.  By this action, Amerisure seeks declaratory relief to establish that Amerisure has no obligation to defend or indemnify Superior for the Mandalay Bay claims set forth below.

12.     Amerisure issued Commercial Package Policies containing general liability coverage, Policy No. CPP2046387000000, effective for the period July 1, 2007 to July 1, 2008, and Policy No. CPP2046387010008, effective for the period July 1, 2008 to July 1, 2009, to Superior Construction Corporation (the "Primary Policies").  Copies of the Primary Policies are attached as Exhibits A and B, respectively, and incorporated herein.

13.     Amerisure issued Umbrella Liability Policies, Policy No. CU2046386, effective for the periods July 1, 2007 to July 1, 2008, and July 1, 2008 to July 1, 2009 to Superior Construction (the "Umbrella Policies"). Copies of the Umbrella Policies are attached as Exhibits C and D, respectively, and incorporated herein.

14.     Amerisure is informed and believes Superior entered into a contract on February 18, 2005 with Mandalay Bay under which Superior agreed to act as general contractor for the construction of a condominium project known as 7th Avenue South-Bali Bay, located at 7th Avenue South, Myrtle Beach, South Carolina (the "Project").  Superior ceased work on the Project on July 2, 2007 due to non-payment of monies allegedly owed Superior.

15. Amerisure is informed and believes that at the time Superior ceased work on the Project, window and door systems on the 6th floor and a part of the 5th floor had not yet been installed. Additional parts of the Project were also unfinished at that time.

16. On or about August 5, 2008, Superior filed a lawsuit entitled *Superior Construction Corporation v. Mandalay Bay, et al.,* Civil Action No. 2008-CP-26-6172, in the Court of Common Pleas for Horry County, South Carolina seeking monies due under the construction contract. In response to that Complaint, Mandalay Bay and the Epps filed a Counterclaim against Superior, as did the Patels (the "Counterclaims"). Copies of the Counterclaims are attached as Exhibits E and F.

17. Superior tendered the Counterclaims to Amerisure, and Amerisure is defending Superior under a full and complete reservation of rights.

## CAUSE OF ACTION
### (Declaratory Relief)

18. Amerisure realleges each of the allegations of Paragraphs 1 through 17 as though fully set forth herein.

19. The Counterclaims allege that Superior was the general contractor for the Project.

20. The Counterclaims allege that Superior failed to perform the work on the Project that it contracted to perform.

21. In the Counterclaims, Mandalay and Patel allege damages resulting from the failure of Superior to complete construction on the Project and to obtain a Certificate of Occupancy for the Project by December 31, 2006.

22. In the Counterclaims, Mandalay alleges that it has suffered "damages" as a result of Superior's failure to perform the work it contracted to do.

23. The claims and damages alleged against Superior in the Counterclaims do not give rise to liability insurance coverage under either the Primary Policies or the Umbrella Policies.

24. The claims and damages alleged against Superior in the Counterclaims do not give rise to "property damage" under either the Primary Policies or the Umbrella Policies.

25. The claims and damages alleged against Superior in the Counterclaims do not give rise to an "occurrence" under either the Primary Policies or the Umbrella Policies.

26. The claims and damages alleged against Superior in the Counterclaims are expressly excluded under both the Primary Policies and the Umbrella Policies.

27. Amerisure has no obligation to indemnify Superior for the claims alleged in the Counterclaims.

28. Amerisure has no obligation to defend Superior for the claims alleged in the Counterclaims.

WHEREFORE, Amerisure seeks declaratory relief that it is has no obligation to defend or indemnify Superior from and for the claims alleged in the Counterclaims because:

(a) The claims do not give rise to liability insurance coverage;

(b) The claims do not give rise to "property damage" under either the Primary Policies or the Umbrella Policies;

(c) The claims do not give rise to an "occurrence" under either the Primary Policies or the Umbrella Policies;

(d) The claims are expressly excluded under both the Primary Policies and the Umbrella Policies; and

(e) For such other reasons as may be shown at trial.

WHEREFORE, Amerisure prays for the relief set forth above and for such other and further relief as this Court deems just and necessary.

*- Signature on Next Page -*

Respectfully submitted this 16th day of April, 2010.

                                            COZEN O'CONNOR

                                    BY: */s/ Tracy L. Eggleston*
                                          Tracy L. Eggleston, Esq.
                                          Fed ID #689
                                          301 South College Street, Suite 2100
                                        Charlotte, NC  28202
                                        Tel. No.:  (704) 376-3400
                                        Fax No.:  (704) 334-3351
                                        E-mail:  teggleston@cozen.com
                                        ***Counsel for Plaintiff Amerisure Mutual Insurance Company***

CHARLOTTE\250987\1  268031.000

6