IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Amerisure Mutual Insurance Company, | ) | C/A No.: 4:10-961-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Superior Construction Corporation, | ) | |
| Mandalay Bay, LLC, Thomas D. Epps, | ) | |
| Tamara Epps, Bhupendra Patel, and | ) | |
| Pradipkumar Patel, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I. Introduction

Amerisure Mutual Insurance Company ("Amerisure") issued a commercial liability insurance policy and umbrella liability policies to defendant Superior Construction Corporation ("Superior"). On April 19, 2010, Amerisure filed this declaratory judgment action seeking a determination of whether the policies obligated it with a duty to defend or indemnify Superior against counterclaims filed in a lawsuit pending in state court entitled *Superior Construction Corporation v. Mandalay Bay, et al.*, Civil Action No. 2008-CP-26-6172, Court of Common Pleas, Horry County, South Carolina (the "Underlying Action").

This matter comes before the court on Amerisure's motion to stay filed August 24, 2010 [Entry # 21]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 and (B) and Local Rule 73.02(B)(2)(e), DSC.

II.     Factual and Procedural Background

According to Amerisure's complaint, it brought this action for declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 to "determine and resolve questions of actual controversy arising in connection with certain contracts of insurance issued by Amerisure to Superior."  Specifically, Amerisure issued the following policies to Superior: (1) Commercial Package Policies containing general liability coverage, Policy No. CPP2046387000000, effective for the period July 1, 2007 to July 1, 2008, and Policy No. CPP2046387010008, effective for the period July 1, 2008 to July 1, 2009, to Superior Construction Corporation (the "Primary Policies"); and (2) Umbrella Liability Policies, Policy No. CU2046386, effective for the periods July 1, 2007 to July 1, 2008, and July 1, 2008 to July 1, 2009 to Superior Construction (the "Umbrella Policies") (collectively the "Policies").

According to its complaint, Superior entered into a contract on February 18, 2005 with defendant Mandalay Bay, LLC, under which Superior agreed to act as general contractor for the construction of a condominium project in Myrtle Beach, South Carolina (the "Project"). Superior ceased work on the Project on July 2, 2007 due to non-payment of monies it was allegedly owed.  At the time Superior ceased work, certain parts of the Project remained unfinished.  On August 5, 2008, Superior filed the Underlying Action in state court seeking monies it alleged were due for the Project.  Defendants Mandalay Bay, Thomas D. Epps and Tamara Epps (the "Epps"), and Bhupendra Patel and Pradipkumar Patel (the "Patels") filed counterclaims against Superior.  Superior tendered the

counterclaims to Amerisure, and Amerisure defended Superior under a reservation of rights. Amerisure contends in this action that the claims and damages alleged against Superior in the counterclaims do not give rise to liability insurance coverage under either the Primary Policies or the Umbrella Policies because they do not give rise to "property damage" or an "occurrence," or they are otherwise expressly excluded under the Policies.

III. Discussion

In its motion to stay, Amerisure represents that the Underlying Action has been dismissed and there is no lawsuit presently pending between the parties to that action. In reciting to the abstention doctrine, Amerisure seeks a stay of this declaratory judgment action until the Underlying Action is refiled or restored, arguing that the stay would conserve judicial resources for the following reason: "If the Underlying Action is not refiled or restored, there will be no outstanding coverage issues between Superior and Amerisure. Accordingly, the issues presented in this declaratory judgment action would be moot. If, on the other hand, the Underlying Action is refiled or restored, the parties to this declaratory judgment action can petition this Court to lift its stay and proceed with the litigation of this declaratory judgment action. No party will have been prejudiced by any such delay." Counsel for Superior and the Patels consent to the stay. Although having been served with the Complaint, the Epps have not made an appearance in this case.

The abstention doctrine was enunciated in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), which "makes clear that district courts possess discretion in

determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Id.* at 282. *Brillhart* stands for the proposition that "at least where another suit involving the same parties and presenting opportunities for ventilation of the same state law issues is pending in state court, a district court might be indulging in 'gratuitous interference,' if it permitted the federal declaratory action to proceed." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995). The court notes that Amerisure is not a party to the Underlying Action, and the issues presented in that action and the present action are not the same. The issues in the Underlying Action concern claims against Superior for negligence, breach of warranty and breach of contract. The issue in the present action is whether there exists liability insurance coverage under either the Primary Policies or the Umbrella Policies. Thus, this court would not be engaging in "gratuitous interference" if it were to allow this action to proceed.

The factors to consider in determining whether this court should abstain from exercising jurisdiction over this action are set forth in *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994)(overruled on other grounds): (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in state court; (2) whether the issues raised in the federal action can be more efficiently resolved in the pending state court action; (3) where the federal action might result in unnecessary entanglement between the federal and state systems due to overlapping issues of fact or of law; and (4) whether the federal action is being used

merely as a device for procedural fencing, *i.e.*, to provide another forum in a race for res judicata.

First, the state does not have a strong interest in having the issues raised in the present case decided in state court. A state has a significant interest in deciding a state law issue only when the issue is a novel, close or difficult issue of state law. *See United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1998). The issue in the present case is a standard issue of contract interpretation that is unlikely to "break new ground." *Id.* Second, the issues involved in the present action could not be more efficiently resolved in the Underlying Action because Amerisure is not a party to the Underlying Action and the issues to be determined in each case are separate and distinct. Likewise, because the issues are separate and distinct, the present action would not result in "unnecessary entanglement" between the federal and state systems. None of the factual determinations to be made in the present case are likely even relevant to those to be made in the Underlying Action and vice versa. Finally, there is no evidence of "procedural fencing" on the part of Amerisure. Amerisure filed the present action to resolve a question that is traditionally resolved in declaratory judgment actions, and it did so under standard diversity jurisdiction, 28 U.S.C. § 1332. *See id.*; *see also Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 414 (4th Cir. 2004) (finding no forum shopping by insurance company seeking to clarify and settle a coverage issue relating to the underlying state action).

In sum, an application of the *Nautilus* factors to the present case reveals that it is properly within this court's discretion to exercise jurisdiction over the issues raised herein. The present action is consistent with "considerations of federalism, efficiency, and comity." *Nautilus*, 15 F.3d at 376.

Furthermore, it appears that the Underlying Action has been dismissed, presumably pursuant to S.C.R.C.P. 40(j), which permits leave to refile within one year. The dismissal of the Underlying Action further vitiates the argument for abstention, as federal courts should "seek to dispose of disputes efficiently and justly," within the jurisdiction given them. *McLaughlin v. United Virginia Bank*, 955 F.2d 930, 936 (4th Cir. 1992). Further support for this principle can be found in the Civil Justice Reform Act (CJRA), which Congress enacted in 1990 as a federal mandate designed to expedite the resolution of civil litigation in federal courts. The CJRA imposes statistical record-keeping requirements on federal courts that are reported to Congress every six months. 28 U.S.C. §471–82. "Trial courts are under constant pressure to dispose of the business of the court ... and are criticized when they take too much time in disposing of cases." *Choice Hotels Int'l, Inc. v. Goodwin and Boone*, 11 F.3d 469, 475 (4th Cir. 1993). In light of the Congressional intent, the procedural rules, and the case law, it makes little sense to stay a federal action for the possibility of a state action being refiled or restored at some point in the future which may involve similar subject matter among possible overlapping parties. If the basis for the federal action no longer supports an actual case or

controversy within the court's jurisdiction, the proper course of action is a dismissal, not a stay.

For the reasons stated above, the motion to stay is denied.

IT IS SO ORDERED.

*Shiva V. Hodges*

August 30, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge